UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JUAN DAVID HERNANDEZ GIRON,

       Petitioner,

v.                                         Case No.: 2:25-cv-01201-SPC-NPM

KRISTI NOEM *et al.*,

       Respondents,
_____/

## **OPINION AND ORDER**

Before the Court are Juan David Hernandez Giron's Emergency Petition for Writ of Habeas Corpus (Doc. 1), the government's response (Doc. 6), and Hernandez Giron's reply (Doc. 11). For the below reasons, the Court grants the petition.

Hernandez Giron is a native and citizen of Colombia. He entered the United States on March 11, 2023, and was apprehended by U.S. Border Patrol. On March 14, 2023, the Department of Homeland Security ("DHS") commenced removal proceedings by issuing a notice to appear ("NTA"), set an immigration hearing for November 19, 2025, and released Hernandez Giron under an order or recognizance. When Hernandez Giron appeared at immigration court, DHS moved to dismiss the removal proceedings. Hernandez Giron objected because he wanted to pursue his asylum claim, but

the immigration judge granted the motion to dismiss. DHS designated Hernandez Giron for expedited removal, arrested him, and continues to detain him without the opportunity for a bond hearing.

The core of the dispute before this Court is whether 8 U.S.C. § 1225(b) or § 1226(a) of the Immigration and Nationality Act ("INA") applies to Hernandez Giron. The distinction matters because § 1225(b) mandates detention, while aliens detained under § 1226(a) have the right to a bond hearing before an immigration judge. Hernandez Giron asks the Court to order the respondents to either release him or provide a prompt individualized bond hearing, declare that he is not subject to proceedings under § 1225(b), declare the expedited removal order void, and enjoin the respondents from subjecting him to expedited removal.

The respondents argue three provisions of the INA strip the Court of jurisdiction over the petitioner's claims. 8 U.S.C. § 1252(a)(2)(A) bars courts from hearing certain claims relating to expedited removal. It states:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to review—(i)…any individual determination or to entertain any other cause or claim arising from or relating to the implementation or operation of an order of removal pursuant to section 1225(b)(1) of this title, (ii)…a decision by the Attorney General to invoke the provisions of such section, (iii) the application of such section to individual aliens, including the determination made under section 1225(b)(1)(B) of this title, or (iv)…procedures and policies adopted by the Attorney General to implement the provisions of section 1225(b)(1) of this title.

8 U.S.C. § 1252(a)(2)(A). The INA carves out an exception to this jurisdiction-stripping section for habeas actions "limited to the determinations of (A) whether the petitioner is an alien, (B) whether the petitioner was ordered removed under [section 1225(b)(1)], and (C) whether the petitioner…is an alien lawfully admitted for permanent residence, has been admitted as a refugee…, or has been granted asylum[.]" *Id.* at § 1252(e)(2).

The respondents also raise § 1252(g), which states:

> Except as provided in this section and notwithstanding any other provisions of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

8 U.S.C. § 1252(g). This jurisdictional bar is narrow. "The provision applies only to three discrete actions that the Attorney General may take: her 'decision or action' to '*commence* proceedings, *adjudicate* cases, or *execute* removal orders." *Reno v. American-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999); *see also Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018) ("We did not interpret this language to sweep in any claim that technically can be said to 'arise from' the three listed actions of the Attorney General. Instead, we read the language to refer to just those three specific actions themselves."). "When asking if a claim is barred by § 1252(g), courts must focus on the action being

3

challenged." *Canal A Media Holding, LLC v. United States Citizenship and Immigration Servs.*, 964 F.3d 1250, 1258 (11th Cir. 2020).

Finally, the respondents point to the INA's zipper clause:

> Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section.  Except as otherwise provided in this section, no court should have jurisdiction, by habeas corpus under section 2241 or title 28 or any other habeas corpus provision, by section 1361 or 1651 of such title, or by any other provision of law (statutory or nonstatutory), to review such an order or such question of law or fact.

8 U.S.C. § 1252(b)(9).  The zipper clause only applies to claims requesting review of a removal order. *Madu v. U.S. Atty. Gen.*, 470 F.3d 1362, 1365 (11th Cir. 2006) (holding the INA did not divest the district court of jurisdiction over a § 2241 challenge to detention of the petitioner pending deportation).

These sections of the INA limit the Court's jurisdiction here.  The Court cannot review the respondents' discretionary decision to commence expedited removal proceedings or prevent them from executing the expedited removal order.  But as the Court has explained in prior cases, the INA does not divest it of jurisdiction to consider the legal basis of Hernandez Giron's detention under principles of habeas corpus. *See Hinojosa Garcia v. Noem*, No. 2:25-cv-879-SPC-NPM, 2025 WL 3041895 (M.D. Fla. Oct. 31, 2025) and *Vasquez Carcamo v. Noem*, 2:25-cv-922-SPC-NPM, 2025 WL 3119263 (M.D. Fla. Nov. 7, 2025).

The respondents next argue the Court should dismiss Hernandez Giron's petition because he failed to exhaust administrative remedies. Specifically, they argue he did not appeal the immigration judge's dismissal of his removal proceedings. But Hernandez Giron's petition does not challenge that decision. It challenges the legality of his current detention, which comes down to whether § 1225(b)(1) or § 1226(a) authorizes the respondents to detain Hernandez Giron. The INA provides no administrative review of that decision. *See* 8 U.S.C. § 1225(b)(1)(A)(i) ("the officer shall order the alien removed from the United States *without further hearing or review*" (emphasis added)).

With the limits of its jurisdiction in mind, the Court turns to the legality of Hernandez Giron's detention. The petitioner asserts the respondents are detaining him in violation of the INA, the Due Process Clause of the Fifth Amendment, and the Administrative Procedure Act. Again, the key question is whether Hernandez Giron's detention is governed by § 1225(b)(1) or § 1226(a).

§ 1225(b)(1) establishes the procedures for expedited removal. It allows immigration officers to remove noncitizens "without further hearing or review." 8 U.S.C. § 1225(b)(1)(A)(i). Because expedited removal affords substantially fewer protections to the noncitizen's rights, the INA limits its applicability in two ways. First, noncitizens may be eligible for expedited removal "only if they are inadmissible on the basis that they either lack proper

5

entry documents or falsified or misrepresented their application for admission." *Coalition for Humane Immigrant Rights v. Noem*, --- F. Supp. ---, ---, 2025 WL 2192986, at *5 (D.D.C. 2025) (citing 8 U.S.C. §§ 1225(b)(1)(A)(i) and 1182(a)(6)(C), (a)(7)). "Among that set, only two categories of noncitizens are eligible for expedited removal: (1) noncitizens 'arriving in the United States,' and (2) noncitizens who 'ha[ve] not been admitted or paroled into the United States' and cannot affirmatively show that they have been 'physically present in the United States continuously for the 2-year period immediately prior to the date of the determination of inadmissibility." *Id.* (quoting 8 U.S.C. § 1225(b)(1)(A)(i)–(iii)).

§ 1226 "authorizes the Government to detain certain aliens already in the country pending the outcome of removal proceedings[.]" *Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018). It provides additional safeguards, including the right to an individualized bond hearing. *Id.* at 306 ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).

It is no accident that noncitizens in the country are treated differently than those seeking entry. As the Supreme Court observed, "our immigration laws have long made a distinction between those aliens who have come to our shores seeking admission . . . and those who are within the United States after an entry, irrespective of its legality. In the latter instance the Court has

6

recognized additional rights and privileges not extended to those in the former category who are merely 'on the threshold of initial entry.'" *Leng May Ma v. Barber*, 357 U.S. 185, 187 (1958) (quoting *Shaughnessy v. United States ex rel. Mezei*, 345 U.S. 206 (1953)); *see also Zadvydas*, 533 U.S. at 693 ("But once an alien enters the country, the legal circumstance changes, for the Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent.").

The respondents argue he is subject to § 1225(b) because he was detained at the border in March 2023. As they correctly note, DHS could have designated Hernandez Giron for expedited removal then. But instead, DHS paroled Hernandez Giron into the country and allowed him to stay for more than two years. As a result, Hernandez Giron is ineligible for expedited removal. The respondents' authority to detain Hernandez Giron can only stem from § 1226(a). As a noncitizen detained under § 1226(a), Hernandez Giron has a right to a bond hearing. *See Jennings, supra.*

The Court will thus order the respondents to either bring Hernandez Giron before an immigration judge for a bond hearing or release him within ten days. The Court is aware that the Executive Office for Immigration Review ("EOIR") is the agency that schedules bond hearings. In other cases before this Court, the respondents have claimed they cannot direct the EOIR when to conduct a bond hearing. Regardless, subjecting Hernandez Giron to

7

mandatory detention under § 1225(b)(1) is unlawful.  If the respondents are unable to ensure Hernandez Giron receives the bond hearing he is entitled to under § 1226(a) within ten days, they must release him.[1]

Accordingly, it is hereby **ORDERED**:

Juan David Hernandez Giron's Emergency Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

(1)     Within **ten days** of this Opinion and Order, the respondents shall either (1) bring Hernandez Giron for an individualized bond hearing before an immigration judge or (2) release Hernandez Giron under reasonable conditions of supervision.  If the respondents release Hernandez Giron, they shall facilitate his transportation from the detention facility by notifying his counsel when and where he may be collected.

(2)     The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on January 7, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1

---

[1] In a supplement to their response, the respondents have notified the Court that Hernandez Giron was transferred to Alexandra Staging Facility in Louisiana.  (Doc. 8).  The transfer suggests removal is imminent.  As the Court explained above, it does not have jurisdiction over execution of the removal order.  If Hernandez Giron is removed, this habeas action becomes moot.  Otherwise, the Court expects the respondents to comply with this Order.